JONES TROW *v.* THE VERMONT CENTRAL RAILROAD CO.

*Railroad Fences.   Degrees of Negligence.   Negligence of Plaintiff which will defeat Action.   Right to allow Horses in Highway.   Charge to Jury.*

It is the duty, by law, of the Vermont Central Railroad Company, to erect and maintain such fences, and cattle guards, upon their road, as will prevent horses and other animals, from passing them,—as held in *Quimby* v. *Vermont Central Railroad Company,* (23 Vt. 393.)

The degree of negligence, of which the corporation will be held guilty, in the omission to discharge this duty, will depend upon the locality of their road, and of the particular place, in respect to which the omission occurs.   The omission to erect and maintain such fences and cattle guards for a considerable distance, at a place so public and common, as, that it may reasonably be expected that cattle and horses will stray upon the railroad track, is, in law, such a neglect of duty as will render the corporation liable for injuries arising solely from that cause.

But it is the duty of the owner of cattle and horses, knowing the exposed situation of the railroad track, to exercise as much care and prudence in keeping his property from exposure to injuries therefrom, as is required of the corporation in guarding against their commission; and if, in such case, he permits his cattle, or horses, to run in the highway, knowing that there is no obstruction to their passing from thence upon the railroad track, he is guilty of the same degree of negligence as that with which the corporation are chargeable, in permitting their railroad to remain thus exposed.

When there has been mutual negligence on the part of the plaintiff and defendant, and the negligence of each was the proximate cause of the injury, no action can be sustained.

So, where the negligence of the plaintiff is proximate, and that of the defendant remote, or consisting in some other matter than what occurred at the time of the injury, no action can be sustained.

But where the negligence of the defendant is proximate, and that of the plaintiff remote, the action for the injury can well be sustained, though the plaintiff were not entirely without fault; so that, if there were negligence on the part of the plaintiff, yet if, at the time when the injury was committed, it might have been avoided by the defendant by the exercise of reasonable care and prudence, an action will lie for the injury.

If the plaintiff were guilty of negligence, or even of positive wrong, in allowing his cattle, or horses, to run in the highway, from whence, through the want of a fence, which it was the duty of the railroad corporation to maintain, they strayed upon the railroad track, the corporation are yet bound to the exercise of rea-

Trow *v.* Vt. Central R. R. Co.

sonable care and diligence in the use of their road, and management of the engine and train, and if, for want of that care, the injury arose, they are liable.

Where it appeared that the defendants, a railroad corporation, were guilty of negligence in not erecting and maintaing suitable fences and cattle guards upon the line of their road, and that the plaintiff had permitted his horse to run in the highway, which passed near such railroad, having knowledge that there was no fence or cattle guards, which would prevent the horse from passing from the highway to and upon the railroad track, and the horse did stray upon the track, and was killed by a locomotive engine which was passing, and it appeared that the defendants were guilty of no negligence in the management of the train, or engine, when the injury arose,—it was *held,* that the plaintiff could not recover for such injury.

The question of negligence is a mixed question of law and fact; and it is the duty of the court specifically to instruct the jury, whether the facts, which the testimony tends to prove, will, if found by them to be true, constitute that negligence which will defeat the action.

TRESPASS on the case, for negligence of the defendants in not maintaining proper fences and cattle guards upon their Railroad, whereby the plaintiff's horse came upon the Railroad track and was killed. Plea, the general issue and trial by jury, March term, 1852. POLAND, J., presiding.

The plaintiff gave evidence tending to prove, that the defendants' Railroad, for a distance of about seventy-five rods against and near the " Falls Village," in Northfield, was wholly unfenced, and that at several places within that distance, there was no obstruction to the passing of cattle and horses upon the Railroad track; that there was a highway crossing the Railroad within that distance, and that there was no cattle-guard or obstruction placed there, to prevent animals passing from the highway upon the Railroad track; that there were usually many cattle and horses in the highway, and in the uninclosed land near the Railroad track, and that several accidents had occurred there; that in July, 1850, early in the morning, his horse was seen in the highway, near the Railroad crossing above mentioned, and soon after, upon the track of the Railroad north of the crossing, where he was, when the defendants' engine, with a train of cars, came along upon the Railroad, going northerly, and that the horse ran upon the track, before the engine, until he was overtaken by it and killed. No evidence was introduced to show any negligence in the manner of conducting the engine at the time the horse was killed.

Trow *v.* Vt. Central R. R. Co.

The defendants gave evidence tending to prove, that the plaintiff's horse had been several times previously in the highway, and that it was with the knowledge and assent of the plaintiff.

The defendants requested the court to charge the jury, that if the plaintiff's horse, at the time of the injury, was in the highway, with the knowledge and consent of the plaintiff, the plaintiff was guilty of negligence, and could not recover in this action. But the court instructed the jury, that if the plaintiff's horse was in the highway by the permission of the plaintiff, yet if the location of the defendants road was such, that by reason of the want of fences and cattle guards, it was rendered so unsafe and dangerous, as that, the want of such fences and cattle guards amounted to gross and culpable neglect on the part of the defendants, and thereby the plaintiff's horse was killed, the defendants would be liable; but that if the plaintiff and defendants were equally negligent, the plaintiff could not recover.

Verdict for plaintiff. Exceptions by defendants.

*Peck & Colby* for defendants.

In this class of actions, the principle has been adhered to most rigidly, that if the negligence of the plaintiff contributed to produce the injury complained of, he cannot recover though the other party might also have been in fault. The charge of the court below entirely repudiates this doctrine. The jury were instructed to give their verdict against the party who was most in fault. They were to strike a balance between the negligence of the parties. This doctrine has no precedent or authority for its support. The plaintiff was guilty of negligence and want of care in permitting his horse to be in the highway. The horse was *wrongfully* there, and the defendants were under no obligation to guard against his entering upon their Railroad track, under such circumstances, and are not to be made responsible for his loss. If one man's cattle escape from his enclosure on to the land of an adjoining proprietor, he is not liable for any injury they may do, provided they escaped through a defect in the fence, which the other was bound to keep in repair, as it is the latter's own fault that the injury happened. This has been often so ruled, and the principle applies with all its force to the present case. The provisions of the railway act of 1849, do not affect the case, as this injury

XXIV. 32

happened before that act took effect. The case of *Baxter* v. *The defendants* decided in Windsor county, is not in conflict with the position taken by the defendants in this case. There, the defendants were held to be in fault, by neglecting to construct a fence which they were bound to make; and in consequence of this omission of duty, the plaintiff sustained the injury.

In this view of the case, the defendants were properly made responsible for the injury. The judgment in the case at bar cannot be sustained without disregarding the rule which has heretofore prevailed in this State, and now prevails in our sister States. *Perkins* v. *Easton and B. & M. R. R. Co.*, 29 Maine 307. 5 Denio 255. *Munger* v. *Tonawanda R. R. Co.*, 4 Comstock's 349. Stat. 519 Sec. 16.

*F. V. Randall* and *F. F. Merrill* for plaintiff.

1. That the defendants are bound to fence their road generally on the line of their road, is decided by the case of *Quimby* v. *the Vt. Central R. R. Co.* Much more were they, to fence at the place mentioned in the bill of exceptions.

2. Suffering the horse to be in the highway was no want of ordinary care, but on the contrary is a very common practice. The herbage in the highway is treated as the common property of the community. It was not an unlawful act in the plaintiff. The town had never made any by-laws restraining animals from running at large. The whole extent of the plaintiff's liability, was to make good all damages done by the horse, by trespassing on land adjoining the highway.

3. The act of the plaintiff, in suffering his horse to go in the highway, was not an immediate or proximate cause of the injury, and he is not precluded by this act, from a recovery. *Davis* v. *Mann*, 10 M. & W. 545, decides this very point. The same doctrine was held by this court in *Robinson* v. *Cone*, 22 Vt. 213. See also *Beers* v. *Housatonic R. R. Co.*, 19 Conn. 566. *Lynch* v. *Nurdin*, 1 A. & E. 30. *Bird* v. *Holbrook*, 4 Bing. 628. *Birge* v. *Gardiner*, 19 Conn. 507. *Bridge* v. *Grand Junction Railway*, 3 M. & W. 244.

The jury must have found that the defendants were guilty "of gross and culpable neglect," which caused the injury. To exonerate the defendants, therefore, it must be held, that a trespasser

can in no case recover, and that said Railroad corporation are subject to no responsibility, while running their engine and cars on their track, that no protection can be given to man or beast, while upon the track of the railway, against the grossest negligence.

To give impunity and irresponsible license to such recklessness would be monstrous in the view of justice, and highly dangerous and contrary to public policy.

The defendants were not entitled to the charge they requested, for such a charge would rest on the ground, that the bare fact that the horse was in the highway by the consent of the plaintiff, precludes any recovery by him.

The opinion of the court was delivered by

Isham, J.   The declaration in this case, in substance states, that the defendants are the owners and occupiers of a certain Railroad passing through "Falls Village," in the town of Northfield, and by the side of and across a public highway, leading through that village; and that being such owners and occupiers, it was their duty to construct and maintain fences by the side of their road, suitable to prevent cattle and other animals from passing upon the Railroad track; and also, for the same purpose, to erect and maintain suitable cattle guards at all farm and road crossings. It is averred, that the defendants have neglected their duty in erecting fences by the side of their road, through that village, and in constructing such cattle guards; and that in consequence of this neglect, the plaintiff's horse was found upon the railroad track, and was so injured as to be rendered wholly worthless, by being run upon by an engine of the defendants, while in the use of their road.

It is to be observed that the plaintiff has not in his declaration, nor by evidence on the trial, attempted to charge the defendants with any neglect or want of care in conducting and managing the engine, at the time the injury was committed. We are, therefore to assume in this investigation, that the train was properly conducted, and that there was in this respect, the exercise of that reasonable care and prudence on the part of the defendants and their agents, which the law requires, at the time the injury was committed.

The case on the part of the plaintiff, must therefore rest upon

a duty, imposed by law upon the defendants, to erect and maintain such fences and cattle guards upon their road, as will prevent horses and other animals from passing thereon, and upon proof, that the injury was occasioned by a neglect on their part to perform that duty.

That a duty of that character rests upon this corporation, must be considered as settled in this State, by a decision of this court in the case of *Quimby* v. *Vt. Cent. R. R. Co.*, 23 Vt. 393. The court there *held,* " that the expense of fencing rests primarily upon the company," and consequently can be taken *into* consideration by the commissioners, in the assessment of damages ; and when this duty exists, an action will lie for any injury arising solely from any neglect therein.

Manifestly that duty becomes more or less imperative, and its performance required greater or less sufficiency and care, depending upon the locality of the road and the place through which it passes. In places thickly settled, and where animals for domestic use and purposes are necessary, much greater diligence and care is required of a Railroad corporation, in the construction of their fences and guards than would be required in places thinly settled or remote from individual habitations, as the danger of injuries from such causes is proportionably diminished. That would be considered gross negligence in the one place, which would not be so considered in the other.

If, in this case, the injury arose solely from the neglect of the defendants to erect and maintain suitable fences and guards for the protection of animals, the charge of the court, so far as the defendants are concerned, is unobjectionable. They have no reason to complain of the degree of diligence and care which the court required them to exercise, for under the instructions given, they were held liable only in cases of gross neglect in making and maintaining such erections. If there were error in this, it was in favor of the defendants, and is that for which they have no cause of exception. The jury have found the defendants guilty of gross neglect in the performance of this duty ; and although this neglect may not be considered the proximate, but the remote cause of the injury, their liability is a necessary consequence, unless there are some other facts existing in the case, otherwise affecting it.

The duty of maintaining fences and erecting cattle guards, for

such purposes, is imposed upon the corporation, not only as a matter of safety in the use of their road, and running their engines thereon, but also as a matter of security to the property of those living near and contiguous to the road. And this arises from the consideration, that they must know and reasonably expect, that without such precautions, such injuries will naturally and frequently arise. And when, for the distance mentioned in this case, no precautions of that kind were used upon this road, and in a place so public and common, we think, as a matter of law, there was that neglect which will render the corporation liable for injuries arising solely from that cause.

The important question presented in this case, arises upon the evidence introduced by the defendants, and the charge of the court thereon. The defendants introduced evidence, showing that the plaintiff's horse had been several times before in the highway, and with the knowledge and consent of the plaintiff. And the court were requested to charge the jury, "That if the plaintiff's horse, at the time of the injury, was in the highway with the knowledge and consent of the plaintiff, he could not recover."

As there was evidence in the case tending to prove that fact, and from which the jury could properly have made such inference, the defendants had a right to insist upon a charge of the court, agreeable to the request; and the neglect of the court so to charge the jury, gives to the defendants the benefit of that fact, in this examination of the case, to the same extent as if found by the verdict of the jury. So that the investigation of this case leads to the inquiry, what effect is had upon the liability of the defendants, by the fact that the plaintiff's horse was permitted to run and remain upon the public highway, in a manner to be exposed to the dangers and injuries arising from the defendants' use of the road?

It is very evident, that if the defendants are chargeable with gross, or any other degree of neglect, from their want of proper care in making and constructing their fences and cattle guards, arising from the consideration that they must have known and expected such casualties and injuries would arise, the plaintiff is chargeable at least with the same degree of neglect, in permitting his horse to run upon the highway, knowing of his exposure and liability to injuries of this character; and it is as reasonable to

charge the plaintiff with the knowledge and expectation that such injuries would arise, as the defendants, and also to require of the plaintiff the exercise of as much care and prudence in keeping his property from such exposure to such injuries, as is required of the corporation, in guarding against their commission. From the facts, therefore, in the case, the plaintiff was as much in fault and as equally chargeable with neglect, as the defendants ; and in each case, their negligence was the remote cause of the injury, and equally contributed to that result.

This is as favorable a view of the case as can be taken on the part of the plaintiff, for in reality, the difficulty in the case, on his part, is increased from the consideration, that his horse was upon the highway without right. Chancellor Kent, 3 Kent's, 536, says, " That the public have no rights in a public highway, but a right of way or passage ; and if cattle are placed in a public highway, for the purpose of grazing, and escape into an adjoining close, the owner of the cattle cannot avail himself of the insufficiency of the fences, in excuse of the trespass." And this provision is enforced by statute in this State, Comp. St. 519 § 16. In England, the so placing cattle for grazing would be a trespass, and an action of trespass would be sustained by the adjoining proprietors. *Lade* v. *Shepherd*, 2 Str. 1004. *Stevens* v. *Whistler*, 11 East. 51, and such have been the decisions, in repeated instances, in this country. 16 Mass. 33. 1 Conn. 103. 1 N. H. 16. 1 Cow. 238. 7 Barb. Sup. Ct. R. 298. 2 Smith's Lead. Cas. 176, 184.

This leads our investigation to the question, whether an action can be sustained, when the negligence of the plaintiff and the defendant has mutually co-operated in producing the injury, for which their action is brought. On this question, the following rules will be found established by the authorities. When there has been mutual negligence, and the negligence of each party was the proximate cause of the injury, no action whatever can be sustained. In the use of the words " proximate cause," is meant negligence occurring at the time the injury happened. In such case no action can be sustained by either, for the reason, " that as there can be no apportionment of damages, there can be no recovery." So, where the negligence of the plaintiff is proximate, and that of the defendant remote, or consisting in some other matter than what occurred at the time of the injury, in such case no ac-

tion can be sustained, for the reason that the immediate cause was the act of the plaintiff himself. | Under this rule falls that class of cases, where the injury arose from the want of ordinary or proper care on the part of the plaintiff, at the time of its commission. These principles are sustained by *Hill* v. *Warren*, 2 Stark. R. 377. 7 Met. 274. 12 Met. 415. 5 Hill 282. 6 Hill 592. *Williams* v. *Holland*, 6 C. & P. 23. On the other hand, when the negligence of the defendants is proximate, and that of the plaintiff remote, the action can then well be sustained, although the plaintiff is not entirely without fault. This seems to be now settled in England and in this country. Therefore, if there be negligence on the part of the plaintiff, yet if, at the time when the injury was committed, it might have been avoided by the defendant, in the exercise of reasonable care and prudence, an action will lie for the injury. So in this case, if the plaintiff were guilty of negligence, or even of positive wrong, in placing his horse in the road, the defendants were bound to the exercise of reasonable care and diligence in the use of their road and management of the engine and train, and if for want of that care the injury arose, they are liable.

Such was the case of *Davis* v. *Mann*, 10 M. & W. 548 where one unlawfully left his fettered donkey in the highway, and it was killed, by the negligence and carelessness of the defendant in the management of his horses and wagon, Lord ABINGER "held, that he might recover, though the animal was improperly there." In that case the plaintiff was guilty of a wrong in putting his donkey in the highway, and of negligence in permitting him to remain there; but it would probably be considered remote, as the injury arose more directly from another cause. But the neglect of the defendant was proximate, as it occurred when the injury was committed, and as it might have been avoided by the exercise of reasonable care and prudence, he was held liable. In the case of *The Mayor of Colchester* v. *Brooke*, 53 E. C. L. 376. 1 Smith's Lead. Cas. 312, it was held, that a person was not justified in running his vessel upon a bed of oysters, improperly placed in the channel of a navigable river, and which created a public nuisance. The wrong and negligence of the plaintiff, in placing and permitting that deposit to remain in that situation, did not justify the injury committed by the defendant, when it could have been avoided by the exercise of reasonable diligence and care. And this

rule is sustained in the following cases. *Dimis* v. *Petley*, 69 E. C. L. 282. 1 Man. & Gr. 568. 4 Bing. 628. 1 Ad. & El., N. S. 30. 3 M. & W. 244. 11 East. 60. 1 Scott N. C. 392. 9 C. & P. 613.

These principles have an important application to the case under consideration. The negligence, which caused the injury in this case, cannot strictly be said to be proximate in either of the parties, but is remote, in both cases. It was remote on the part of the corporation ; for it is found in the case, that there was no negligence on their part in the management of the train, or engine, when the injury arose, but the neglect existed in not having previously made their fences and cattle guards. It was also remote on the part of the plaintiff, in permitting his horse to remain in the highway, exposed to such injury, after it first came to his knowledge. The injury arose from the combined result of both causes. If either of the parties had done their duty, and conformed to the requirements of the law, the injury would not have been sustained. In such case, no action can be sustained by either of the parties, no more than in the case, where their mutual negligence is the proximate cause of the injury ; for the same reason exists in the one case, that exists in the other. From the nature of the case, there can be no apportionment of damages, and no rule can be laid hold of, that settles what one shall pay more than the other. The rule is generally given in the authorities, that in cases of mutual neglect, where it is of the same character and degree, no action can be sustained. This principle has uniformly been sustained in this state, for injuries arising from negligence on the highways. *Noyes* v. *Morristown*, 1 Vt. 353. *Briggs* v. *Guilford*, 8 Vt. 264. *Allen* v. *Hancock*, 16 Vt. 230. And that the rule is the same in relation to the use of Railroads, as to highways, has been directly held in *Beers* v. *The Housatonic Railroad Co.*, 19 Conn. 567.

Upon the facts in this case, the court charged the jury, " That, "if the plaintiff's horse was in the highway by the permission of " the plaintiff, yet if the location of the defendants' road was " such, that by reason of the want of fences and cattle guards, it " was rendered so unsafe and dangerous, as that the want of such " fences and cattle guards, amounted to gross and culpable neglect " on the part of the defendants, and thereby the plaintiff's horse " was killed, the defendants would be liable; but that if the plain-

Trow *v.* Vt. Central R. R. Co.

"tiff and defendants were equally negligent, the plaintiff could not "recover." The difficulty, under this charge, arises from the want of more specific instructions as to the negligence of the plaintiff, and what would constitute such negligence. Simply to say, that if both the parties are equally negligent, the action cannot be sustained, leaves the whole subject of investigation too indefinite and general. The question of negligence is a mixed question of law and fact, upon which it was the duty of the court specifically to instruct the jury. Where facts in the case are admitted, or where there is testimony tending to prove facts, it is the duty of the court, particularly when requested, to instruct the jury whether those facts, if they find them to be true, constitute that negligence which will defeat the action.

So in this case, as there was testimony proving that the plaintiff's horse was in the highway with his knowledge and consent, and had previously so been, the defendants had a right to request, and it was the duty of the court to charge the jury specifically, and as a matter of law, that that fact, if true, was that degree of negligence on his part, which rendered the case one of mutual negligence; and if, from that mutual negligence, the injury arose, that the action could not be sustained. For the want of this, we think there was error, and that the judgment of the county court must be reversed.