Thurman, C. J.
The common-law doctrine that requires the owner of domestic animals, not unruly or dangerous, to keep them upon his own premises, and makes him a trespasser if he suffer them to run at large, and they go upon the uninclosed lands of another, is not the law of Ohio, being inconsistent with our statute law, and contrary to the common usage that has always prevailed in this state.
The remote negligence of the plaintiff will not prevent his recovering for an injury to his property immediately caused by *the negligence of the defendant. The negligence of the plaintiff that defeats a recovery must be a proximate cause of the injury.
Suffering domestic animals to run at large, by means whereof they stray upon an uninclosed railway track, where they are killed by a train, is not, in general, a proximate cause of the loss; and hence, although there may have been some negligence in the owner’s permitting the animals to go at large, such negligence being only a remote cause of the loss, it will not prevent his recovering, from the railroad company, the value of the animals, if the immediate cause of their death was negligence of the company’s servants in conducting the train.
The bare fact that a railway is uninclosed, there being no statute requiring it to be fenced, does not, in general, render the railroad company liable to pay for animals straying upon the track and killed by a train — such want of fencing being, in general, only a remote cause of the loss.
The paramount duty of a conductor of a train, is to watch over the safety of the and in his to *478 which., it is his duty to use reasonable care to avoid unnecessary injury to animals straying upon the road.
See Kerwhacker v. The C., C. & C. R. R. Co., 3 Ohio St. 172; The C., H. & D. R. R. Co. v. Waterson and Kirk, ante; Trow v. The Vermont Central R. R. Co., 24 Vt. 487.

Judgment affirmed.