Scott, J.
The plaintiff in error, who was also plaintiff in the •courts below, filed his petition in the court of common pleas of Muskingum county, setting forth, in substance: that in the month •of Juno, 1853, and for some time previous thereto, he was in the employ of the defendant, as brakesman on a gravel-train, running between a gravel-bank near Newark, in Licking county, and Black-lick, in the county of Franklin, each of these points being on the line of defendant’s road; that besides his duties as a brakesman, it was his business to assist in loading and unloading the said gravel-train; that it was customary, and often became necessary, for himself and the other hands belonging to the said train, engaged in like employment with himself, to get off and on the said train at other points besides those at the ends of the route, as when losing a hafor .a coat from the train, and for other necessary purposes; that when he entered upon his employment with the defendants, he supposed it to be mutually understood, that they would furnish and keep sound •and safe cars in the business in which the plaintiff was employed, .and also, careful, competent, and skillful agents and servants in 107] *charge of the said train connected with the business in which it and the plaintiff was engaged, so that neither the life of the plaintiff might be endangered, nor any bodily injury be sustained By him, through the neglect of the defendants, in these respects. 'The plaintiff, however, says that the defendants, wholly unmindful ■of their duty, did not keep all their cars in a safe and sound condi-, tion; nor did they keep on said train, servants and agents, in charge ■of the same, sufficiently attentive, careful, skillful, and competent, in order to regulate the movements thereof, and insure the work-hands belonging thereto, from loss of life and bodily injury; for the plaintiff says, that, being engaged about his usual business, on ■said train, on the 25th day of June, 1853, on its passage from the gravel-bank to Blacklick, near New Columbia, having dropped his coat from said train, about ten miles east of Blacklick, he got off, in order to go back and recover his coat, intending to wait at New ■Columbia, for the return of the train, and then resume his place •on board, in discharge of his accustomed duties; that, on the approach of the train to the said town of New Columbia, when re. •turning from Blacklick, he stood on the platform from which per *108 sons usually get on board of the ears, and gave, by waving his hat, the usual signal, which the hands belonging to the gravel-trains are accustomed to give, in order to be taken up by said trains; yet the agents and servants of the defendants in charge of the said gravel-train, regardless of their own duty and that of the defendants, or lacking ability to perform the same, did not attentively look out for the plaintiff, nor sufficiently check up and detain the said train, so as to allow and enable the plaintiff to get on board the same with safety; and besides, the gravel-box belonging to the •car which the plaintiff laid hold of, in order to ascend, was so defective, that part of the rim of-the car so laid *hdld of, broke [108 •or split off, by which the plaintiff unavoidably fell on the track and a part of the said train, through the inattention and carelessness of the said agents and servants of defendant, in charge of said train, run over, broke, and crushed, his ankle-joint and lower part of his leg, so badly, that the same had to be amputated, rendering him a cripple for life, and doing him a damage for which he claims four thousand dollars, etc.
Upon demurrer to this petition, judgment was rendered by the court of common pleas for the defendant; and, on error, this judgment was affirmed by the district court; and the plaintiff now seeks to reverse this judgment of affirmance.
The sole question in the case, is, as to the sufficiency of the petition. Does it, in the language of the code, “ state facts sufficient to constitute a cause of action ?”
Passing by other grounds of exception to this petition, we think it substantially defective in this, that it discloses, on the part of the plaintiff himself, a want of ordinary care, which wag the immediate cause of the injury of which he complains.
He left tbe gravel-train of his own motion, for his own purposes, and not in discharge of any duty or service owiDg by him to the defendant, and acting equally without orders, and in the exercise of his own discretion, he attempts to get aboard the train, on its return, while its speed is not “ sufficiently checked up ” to permit this to be done with safety.
The rule of law in cases of mutual negligence, as laid down by Lord Ellenborough, in Butterfield v. Forrester, 11 East, 60, is, that although there may have been negligence on the part of the plaintiff, yet, unless he might, by the exercise of ordinary care, have avoided the consequences of the defendants’s negligence, he is en- *109, 110 109] titled to recover — if by ^ordinary care he might have avoided them, he is the author of his own wrong.'
The’doctrine of this rule has been since generally approved and adopted. See Bridge v. Grand Junction Railway Co., 3 M. & Wel. 244; Davies v. Mann, 10 M. & Wel. 545. In Trow v. Vermont Central Railroad Co., 24 Vt. 487, the law is thus stated: “ When there has been mutual negligence, and the negligence of each party was the proximate cause of the injury, no action whatever can be sustained. In the use of the words '-proximate cause,’ is meant negligence occurring at the time the injury happened. In such case no action can be sustained by either, for the reason, that as there can be no apportionment of damages, there can be no recovery.”
In Kerwhacker v. Cleveland, Columbus & Cincinnati Railroad Co., 3 Ohio St. 172, the general rule is laid down thus: “ Where-the parties are mutually in fault, or, in other words, where negligence of the same nature in each party has co-operated to produce the injury, the party sustaining the loss is without remedy.” And though this rule is declared to be subject to qualifications, yet we find no facts stated in the petition in this case which would bring the plaintiff within the recognized exceptions.
Even admitting’ then, that it was the duty of.the defendant’s agents in charge of the train to stop for the plaintiff at New Columbia, and afford him a safe opportunity of getting aboard, and these agents wholly neglected this duty, yet this would not release-the plaintiff from the duty of taking ordinary care of himself. The negligence of others toward him furnishes no reason why he should recklessly expose his life or limbs to peril. We are not informed by the petition in this case whether the gravel-train was moving at the rate of speed usual with such trains when the plaintiff at-110] tempted to get aboard; but we are told that *it was not “ sufficiently checked up to allow and enable the plaintiff to get on board of it with safety;” and yet, without orders, the plaintiff, a brakesman, familiar with the train, and aware of the danger, exposes himself to the peril of the attempt. Every consideration of policy and justice requires that the risk should be on his own account.
As to the alleged defect in the car. This was a gravel-train, constructed, of course, with reference to the objects and purposes for which it was designed. The boxes were intended to hold *111 .gravel; and this purpose they might very well answer,.though it would be unsafe to trust their rims as a ladder by which to mount the train when in motion. The duty of the defendant to construct the boxes and their rims with special reference to such a purpose, does not appear.
The judgment of the district court is affirmed.
Bartley, C. J., and Swan, Brinkerhoee, and Bowen, JJ., concurred.