## James B. Wright *vs.* Malden and Melrose Railroad Company.

The negligence of a parent or other person who has the care of a child of tender years has the same effect in preventing the maintenance of an action by the child for an injury occasioned by the negligence of others that his own want of due care would have, if the plaintiff were an adult. And to entitle the plaintiff to recover in such case, it is incumbent on him to prove that there was no other culpable cause of the injury than the negligence of the defendants.

The fact that a child of two years old is passing unattended across a public street, in a city, traversed by a horse railroad is, in and of itself, necessarily, *prima facie* evidence of neglect in those who have it in charge.

In an action against a horse railroad company to recover for a personal injury caused by their running over with a car a child of two years of age in a public street, in a city, in which the evidence shows that the child was passing across the street unattended, it is sufficient ground for a new trial, after a verdict for the plaintiff, if, in reply to a request by the defendants for an instruction that it is negligence to permit a child of this age to go on a public street, the judge instructs the jury that, if the parents, knowing the position of the child and its danger, had the means of preventing the injury and neglected to use them, and permitted the child to remain in danger, the plaintiff cannot recover; and that the mere fact that a child was passing across the street unattended is not, in and of itself, necessarily such evidence of fault or neglect as entitles the defendants to a verdict.

In such action, the plaintiff may introduce in evidence a city ordinance, regulating and limiting the speed of cars upon horse railroads, which has been served upon the defendants, with proof that, at the time of the injury complained of, the defendants' servant was driving at a greater rate of speed.

TORT to recover for injuries to the plaintiff's intestate, alleged to have been caused by the carelessness of the defendants' servants.

At the trial in the superior court, before *Lord,* J., there was evidence tending to show that the plaintiff's intestate, a child, was run over by one of the cars of the defendants, on their horse railroad track, in Sudbury Street, Boston, on the 27th of April 1861, whereby his leg was broken, from which injury, his leg having been amputated, he suffered until the afternoon of the next day, when he died. It was agreed that the child was born on the 10th of March 1859. One of the grounds upon which the plaintiff claimed that the servant of the defendants was negligent was, that he was driving at a very rapid rate ; to wit, as fast as ten or twelve miles the hour. The plaintiff offered in evidence an ordinance of the city of Boston, providing that the speed of railroad cars upon horse railroads shall not exceed five miles an hour, in that part of the city in which Sudbury Street is situated. This was objected to by the defendants' counsel, but admitted. It appeared that the said ordinance was served upon the defendants, and that the substance of the same was given by the defendants to the driver who was driving this car at the time of the injury complained of, as his instructions.

After the charge, to which, as made, no exception was taken, the defendants' counsel asked the judge to instruct the jury as follows :

1. That it would be negligence to permit a child of the age of this child to go on a public street, like Sudbury Street, unattended. 2. That negligence and imprudence of parents or guardians, in allowing a child of the tender years of this child to be exposed to injury on a public and frequented street, furnishes the same answer to an action by the administrator of the child for such injury as the negligence or other fault of an adult plaintiff. 3. That if the accident would not have happened had the parents or guardians taken proper care of the child, and the want of such care on their part had a material effect in producing the injury, or substantially contributed towards it, the plaintiff cannot recover.

The presiding judge, instead of using the language of the prayers for instruction, said to the jury substantially as fol lows :

" There is a sense in which I may properly use the language of the first request. If the parents, knowing the position of the child and its danger, had the means of preventing the injury and neglected to use them and permitted the child to remain in danger, the plaintiff cannot recover; but I understand the defendants' counsel to desire me to rule that the mere fact that the child was passing across the street unattended is, in and of itself, necessarily such a want of due care, or such a fault, as to prevent recovery by the plaintiff. I cannot so rule. It is not necessarily, in and of itself, such evidence of fault or neglect as entitles the defendants to a verdict. As to the other two requests, I think I have already so stated the law in substance ; but I will restate more specifically. The relation of parents to a child of so tender years is such — the child is so identified with the parents — that their fault or negligence is evidence against the child, so that if the parents were in fault, and their fault contributed to the injury, the plaintiff cannot recover; that, to entitle the plaintiff to recover, it is incumbent upon him to prove that there was no other culpable cause of the injury than the negligence of the defendants; that if the child strayed upon the street with no fault on the part of itself or its parents, and the injury happened from the fault of the defendants, and from no other fault, the plaintiff is entitled to recover.

" The questions for the jury are, Was the child rightfully upon the street ? He was rightfully there, if there without his own fault, or the fault of his parents, or of those having him in charge. Were the defendants' servants negligent ? If so, did their negligence cause the injury ? If so, did any other fault contribute to the injury ? If the plaintiff's intestate was rightfully there, if the defendants' servants were negligent, if that negligence caused the injury and no other fault contributed to cause it, the defendants are liable, but not otherwise ; and the burden of proof is upon the plaintiff to establish each of these 'propositions."

The jury returned a verdict for the plaintiff, with $3000 dam ages; and the defendants alleged exceptions.

*D. S. Richardson & L. M. Child,* for the defendants.

*H. F. Durant & J. D. Howe,* for the plaintiff. The rulings of the judge were sufficiently favorable to the defendants; and the request for the special ruling was rightly refused. Whether it was negligence for the child to be in Sudbury Street was a question of fact, depending on many circumstances. The ruling asked for was so broad that if, for any cause whatever, the child was in the street unattended, this fact necessarily, in and of itself, entitled the defendants to a verdict. This would cover a case where a child had been stolen and left in the street, or placed there from malice by a stranger. The plaintiff submits that the true rule is, that all persons — old and young, strong and weak, children, cripples, paralytics, and even the blind — have a right to the use of the streets, and are entitled to the use of reasonable care on the part of persons driving in the streets; and that the question of what is due care on their own part depends upon the circumstances of each case. *Lynch* v. *Nurdin,* 1 Q. B. 29. *Boss* v. *Litton,* 5 C. & P. 407.

HOAR, J. The instructions given to the jury at the trial were, in almost every particular, correct, and in conformity with the rules of law as settled in this commonwealth. The plaintiff is the administrator of an infant who was of such tender age as to be incapable of taking care of himself; and the action is for personal injury received by means of the negligence of the defendants in running their horse cars through a public street. In such a case it has been held in England that the plaintiff, although bound to show that the negligence of the defendants was the sole cause of the injury, and that his own negligence did not, in any particular, contribute to it, is still not required to prove any higher degree of care on his own part than could reasonably be expected from such a person. The leading case is *Lynch* v. *Nurdin,* 1 Q. B. 29; and although the case was questioned in *Lygo* v. *Newbold,* 9 Exch. 302, it has generally been followed as an authority. Where the right of the infant to sue is derived from a contract made on his behalf by an adult

having charge of him, a different rule has been adopted in the recent case of *Waite* v. *North Eastern Railway*, El., Bl. & El. 719.

The doctrine of *Lynch* v. *Nurdin* has been followed by the courts of Vermont, Connecticut and Pennsylvania. *Robinson* v. *Cone*, 22 Verm. 213. *Daley* v. *Norwich & Worcester R. R.* 26 Conn. 591. *Rauch* v. *Lloyd*, 31 Penn. State R. 358. But in this commonwealth and in New York it has been held that, in the case of a young child, the negligence of a parent, or other person to whose care the child is intrusted, has the same effect in preventing the maintenance of an action for an injury occasioned by the negligence of another that his own want of due care would have, if the plaintiff were an adult. *Holly* v. *Boston Gas Light Co.* 8 Gray, 123. *Hartfield* v. *Roper*, 21 Wend. 615. *Lehman* v. *Brooklyn*, 29 Barb. 236.

The instructions of the court to the jury upon this point in the case at bar were given with great accuracy; and what it was incumbent upon the plaintiff to prove, and the rule as to the burden of proof, were stated with care and exactness. But upon another part of the case we find greater difficulty. The defendant's counsel asked the court to instruct the jury " that it would be negligence to permit a child of the age of this child to go on a public street, like Sudbury Street, unattended." The presiding judge did not give this instruction; but said to the jury substantially as follows: " There is a sense in which I may properly use the language of the request. If the parents, knowing the position of the child and its danger, had the means of preventing the injury and neglected to use them and permitted the child to remain in danger, the plaintiff cannot recover; but I understand the defendants' counsel to desire me to rule that the mere fact that the child was passing across the street unattended is, in and of itself, necessarily such a want of due care, or such a fault, as to prevent recovery by the plaintiff. I cannot so rule. It is not necessarily, in and of itself, such evidence of fault or neglect as entitles the defendants to a verdict."

We fear that this statement of the law by the learned judge

must have given an erroneous impression to the jury, as well by what it omitted, as by what it directly expressed.

In the sense in which he understood the defendants' request, the instructions asked should certainly not have been given. Cases may undoubtedly be supposed in which the child might have been upon the street, and have been " permitted " to be there unattended, without fault or negligence on the part of his parents, or those having him in charge. The house might have been on fire, and the child might have been put into the street; or his parents might have been disabled by accident or disease, and the child have been sent into the street, as the best alternative for his own safety and preservation. A person having charge of him in the street might have fallen senseless, or met with some injury, which left the child to stray away unattended. True, there is nothing in the report of the evidence, so far as it is contained in the bill of exceptions, to show that any such state of facts was before the jury; but we cannot presume that all the evidence is reported, and the possibility that such things might occur is enough to show that the instruction asked was too broad. But the court proceeded to state the sense in which the instruction might properly be given; and, in doing this, gave to the jury a definition of what would constitute negligence in the parents, which seems to us much too limited and defective. The jury might well infer from the language of the court that it was only when the parents knew the position of the child in the street and its actual danger, and had the means of preventing the injury and neglected to use them and permitted the child to remain in danger, that they were justly chargeable with neglect. This would lead their minds wholly from the consideration whether the parents had used reasonable and proper care to prevent the infant from going into the street at all; a question of scarcely less importance, and which may have deserved serious attention. The prayer for instructions rendered it highly proper that some ruling should be given as to what would constitute negligence in the parents, sufficient to defeat the action; and the statement made did not cover the whole field of inquiry, and might mislead the jury. But the direction which followed

went further. The jury were told that the mere fact that the child was passing across the street unattended was not necessarily, in and of itself, such evidence of fault or neglect as entitled the defendants to a verdict. In this opinion we cannot concur. We think the fact that a child of two years old is passing unattended across a public street, in a city, traversed by a horse railroad is, " in and of itself, necessarily," *prima facie* evidence of neglect in those who have it in charge. It is a fact open to explanation, and not conclusive. But in and of itself, standing alone, unexplained and unaccounted for, it is sufficient to authorize a jury to find that the child was not properly taken care of, and to entitle the defendants to a verdict.

The jury were rightly instructed that the burden of proof was on the plaintiff to show that a want of care on the part of his parents did not contribute to produce the injury. We cannot regard evidence that he was in the street unattended, and was run over by the cars, as having any tendency to show that proper care of him was exercised, but the contrary. He was incapable of taking care of himself, and he was entitled to the care of others ; and this does not show that he received it. There is nothing in the mere fact of his dangerous situation to show that it was necessary or proper, or occasioned by anything else than neglect.

It has been decided by the supreme court of Vermont that the question of negligence is a mixed question of law and fact ; and that it is the duty of a judge to instruct the jury what will constitute negligence. *Trow* v. *Vermont Central Railroad*, 24 Verm. 487. *Briggs* v. *Taylor*, 28 Verm. 180. And in several recent cases in this court it has been held, that where a plaintiff who seeks to recover compensation for an injury occasioned by the carelessness of another offers no evidence that he was himself in the exercise of care, but, on the contrary, the whole evidence on which his case rests shows that he was careless, the court may rightfully instruct the jury as a matter of law that the action cannot be maintained. *Lucas* v. *New Bedford & Taunton Railroad*, 6 Gray, 64. *Gilman* v. *Deerfield*, 16 Gray, . *Gavett* v. *Manchester & Lawrence Railroad*, 16 Gray, . *Ga-*

*hagan* v. *Boston & Lowell Railroad,* 1 Allen, 187. *Todd* v. *Old Colony & Fall River Railroad,* 3 Allen, 21.

2. The exception taken to the admission in evidence of the city ordinance, regulating the rate of speed of the defendants' cars, cannot be maintained. All persons travelling in the street would have a right to expect the ordinance to be observed and to govern themselves accordingly. It would have a direct bearing upon the question of the use of due care by the defendants, if they used a rate of speed prohibited by the ordinance, and this improper rate of speed contributed to produce the accident. *Exceptions sustained.*