The opinion of the Court was delivered by
Bermudez, C. J.
The plaintiff claims $2,174.52 as damages sustained by him, by tlie sinking of bis schooner JSmna Amelia, in December, 1877, at the mouth of the Bayou St. John, while attempting to go into Lake Pontohartrain. The charge is, that she struck against spiles or posts, which were obstacles and obstructions dangerous to navigation, and which it was the duty of the Company having the control and management of the Bayou and requiring toll, to have removed.
The defense is a general denial, an admission of tlie existence of the spiles or posts, and a charge of contributory negligence on the part of those in charge of the vessel.
After a protracted trial, during which sbme twenty witnesses were heard, the District Judge sustained the defense. From his judgment the plaintiff appeals.
We have considered the testimony adduced, and have been favored with an exhaustive argument, oral and printed, by the counsel engaged in the case. After a review of the authorities to which we have been referred, we are unable to say that tlie plaintiff is entitled to recover. We think that, tlie facts established are the following:
For several days previous to the accident, and at the time the attempt was made to sail out, there had been a high wind and a heavy sea dashing against the embankments and running the water with great force into the mouth of the canal, which made it dangerous for a vessel to venture into the Lake, particularly for the schooner in question, which was a flat bottom craft, requiring the use/ of a center-hoard which she could not use, on account of the shallowness of the water. Fouria, the captain of the schooner, conversed with several captains who had been waiting for a fair opportunity to go out and was advised and warned repeatedly not to attempt to sail out; notwithstanding *181 this, Eouria had the temerity and recklessness to venture out, which had been attempted only by a lugger. The schooner left and was not long after dashed against the eastern bank, but did not remain there. In an attempt to return to a place of safety, she drifted to where the Company was constructing a pass and was dashed against the spiles, which were notoriously there.
It is true that since the accident has happened the Company has removed those spiles, but this does not prove a consciousness of neglect and of an obligation of providing against future liability, as the removal was made to improve the navigation by the Company, which was engaged in constructing a new entrance to the Bayou to the eastward.
On the theory of carelessness or negligence, on the part of the Company, it is clear to our mind, that the plaintiff has knowingly contributed to the occurrence of the catastrophe which caused the damages claimed.
In the case of the E. E. Co. vs. Jones, 5 Otto, 441, the Supreme Court of the United States says:
“Negligence is the failure to do what a reasonable and prudent person would ordinarily have done under the circumstances of the situation, or doing what such person under the existing circumstances would not have done. The essence of the fault may lie in omission or commission. The duty is dictated and measured by the exigencies of the occasion.”
In the case of Jolly vs. Company, 6 McLean, 242, where the charge was that a bridge was an unlawful obstruction, that Court said that, conceding it was, if plaintiff’s injury was clearly referable to the reckless and unskilful management of plaintiff’s boat, the company are not liable.
Lord Ellenborough said, 11 East. 60: “ One person being in fault will not dispense another from using ordinary care for himself. Two things must concur to support an action. An obstruction in the road, by the default of the defendant, and no want of ordinary care to avoid it on the part of the plaintiff.’’ Wharton on Negligence, Sec 1, and notes ; Eedfield on E. W., vol. ii. pp. 246, 247, and notes.
If it be true that there was mutual negligence, the principle is, that where the negligence of each party was a proximate cause of the injury, no action can be maintained. In such cases, there cannot be usually an apportionment of damages. Where the negligence of the plaintiff is proximate and that of the defendant is remote, or consists of some other matter than what occurred at the time, no recovery can be had for *182 damages sustained. 5 Otto, 700; 24 Vt. 487; 24 Iowa, 515; 40 Mo. 131 ; 2 Car. and IC. 730 ; 34 Mo. 55 ; Redfield on R. W., 117, 330; Field on Damages, 171, 517; Weeks on Damnum Absque Injuria, p. 273; N. 132,
These principles have been uniformly recognized and applied by this Court. 3 A. 48, 441; 6 A. 71, 425; 7 A. 277,321; 8 A. 493; 10 A. 113; 11 A. 325, 292; 12 A. 377; 17 A. 19; 19 A. 309; 23 A. 264, 493, 729 ; 27 A. 55; 28 A. 320; 30 A. 15, 20; 32 A. 615; 33 A. 154.
From all these authorities, the rule of equity to be enforced in all such cases appears clearly to be:
Where one of two persons, either innocent or mutually negligent, must suffer, the one who knew of the cause which occasioned the injury, and who could have avoided it and did not do so, must bear the loss. Volenti non fit injuria.
The District Judge who hoard and saw the many witnesses who testified in the case, and who had better opportunities of judging of the questions of facts, said, in his reasons for judgment:
“ There was a stiff breeze from the west prevailing at the time captain Fouria tried to sail out of the Bayou on the trip when she was wrecked. It is clear to my mind, that although Fouria was a skilful seaman, he made a mistake in attempting to go out that day. Under the doctrine of contributory negligence, as settled by the Courts and sanctioned by reason, he had no right to complain of an injury, which would never have happened had he not himself perpetrated a serious imprudence in venturing out during-a perilous time.”
The authorities quoted and referred to by the able and learned counsel for the plaintiff have also received our attention. While we acknowledge them- to be good law, we cannot admit their applicability to the case of the plaintiff, whom the evidence shows to have been grossly and recklessly in fault, and who admits that the spiles or posts against which his schooner struck, were notoriously there.
This was a case which could have been tried by a jury, who are the best - judges of the carelessness and responsibilities of parties in such instances. The litigants have dispensed with a jury, and submitted their differences to the District Judge, whose finding in this case is . equivalent to a verdict.

In parri clelieto, melior est conditio defendentis.

We find no error in that finding.
It is therefore ordered, that the judgment appealed from be affirmed, with costs.
Rehearing refused.