NEW-YORK,<br>May, 1818.

IRVINE<br>v.<br>COOK.

Judgment affirmed.(a)

———◦※◦———

IRVINE *against* COOK.

IN ERROR, on *certiorari* to a justice's court.

This was an action brought by the defendant in error to recover from the plaintiff in error a balance due to him on the sale of a mare. The defence set up was payment made by the note of one *Crawford*; to repel which, the plaintiff below offered to prove the insolvency of *Crawford*, by what one *Reuben Smith* had said. This testimony was objected to by the defendant below, and the objection was overruled, but the testimony was not admitted to the jury as evidence. A verdict was found for the plaintiff below.

Improper evidence ought not to be allowed to be given in the presence of the jury, although they are, afterwards, directed to disregard it.

*Per Curiam.* The only objection to this return relates to the testimony offered of what *Reuben Smith* had said as to the insolvency of *Crawford.* The hearsay evidence of what *Smith* had said was certainly inadmissible. It was objected to, and the justice says that he overruled the objection; by this he must mean that he received the evidence; but he says that the testimony was not admitted to the jury as evidence. If the return is to be understood, as we think it must, that the justice admitted the evidence to be given to himself, but that he did not allow the jury to consider it as evidence, it was improper. Such a practice would be dangerous in its consequences, as the evidence is given in the presence and hearing of the jury. This point was decided in *Haswell* v. *Bussing,* (10 *Johns. Rep.* 128.) The court say that it would lead to great abuse, if a justice were allowed to admit a witness to testify *de bene esse,* and to say that he afterwards disregarded the evidence. The judgment must, accordingly be reversed.

Judgment reversed.