### OLIVER C. ALLEN v. TOWN OF HANCOCK.

Where an accident on a highway, in descending a hill, was caused jointly by the slipping of one of the plaintiff's horses and the insufficiency of the road, and it appeared that the horse's shoes were smooth behind, so as to render it difficult for him to hold back the load, and the wheels were not chained or confined, the jury were instructed, that it was a fact for them to find, whether, under all the circumstances of the case, the plaintiff was wanting in ordinary care and prudence in placing himself in that situation, so as to have those circumstances conspire with the situation of the road in producing the injury to the plaintiff; and that, if he was, he could in no event recover of the town for the injury; but that, otherwise, he was entitled to recover, if the road was found insufficient; — and it was held no error.

Where, in an action against a town for an injury occasioned by the insufficiency of a highway, a witness introduced by the defendant was asked, on cross examination, without objection, whether his team had not run off at the same place the day before the injury complained of happened, and he answered that they did, and the counsel for the plaintiff disclaimed all intention of using the fact, except for the purpose of calling the mind of the witness with more certainty to the *time* when the injury happened to the plaintiff, — and the court instructed the jury that they must disregard that fact, except for the purpose specified by the plaintiff, it was held that the defendant was not entitled to re-examine the witness in relation to the circumstances under which his team ran off the road.

ACTION ON THE CASE, brought to recover damages sustained by reason of the insufficiency of a highway. Trial by jury.

Allen *v.* Hancock.

It appeared that the highway, on which the accident happened, was one built to accommodate a few inhabitants, but was one which the town was bound to keep in repair. The plaintiff, at the time the injury was sustained, was descending a steep hill in the highway ; and he gave evidence tending to prove that the highway, at that place, was insufficient and unsafe, for want of some muniment on the lower side, to prevent teams from going off, in case of accident in descending the hill, and that the plaintiff, with ordinary care and prudence, was descending the hill with a wagon drawn by two horses, and having, as loading, a threshing machine weighing about fifteen hundred pounds, when the injury occurred, and that it occurred by reason of the insufficiency of the road, without his being in any way in fault.

The defendant introduced testimony tending to prove that the injury happened through the fault and want of proper care of the plaintiff, in attempting to descend the hill without chaining or confining his wheel, and with his horses so smooth shod behind that they could not hold back the load ; and that, by reason of this, one of the horses slipped, which occasioned the going off the road and the injury sustained in consequence. On the trial, the defendant introduced, among other witnesses, Nathan Chapin, who, on cross examination by the plaintiff, and without objection, was asked whether, the day before the accident happened to the plaintiff, he, the witness, did not go off at the same place with his ox team, and upon the witness' answering in the affirmative, the defendant proposed to go into an inquiry as to the particular circumstances of his running off; and, upon the plaintiff's objecting to going into the inquiry and disclaiming any use to be made of the fact, that the witness went off the day before, except as it might serve to fix the time, and call the attention of the witness to the road, the court held that the particular explanation as to the manner of his going off was of no importance, and that the true and proper inquiry was as to the state and sufficiency, or insufficiency, of the road, at the time the accident happened to the plaintiff; and the explanation was excluded.

The court, among other things not excepted to,—after telling the jury that, if the plaintiff was found to be wanting in prudence and ordinary care in attempting to go down the hill at the time he did,

with his horses shod in the manner in which they were, and without chaining or confining the wheel, the plaintiff was not entitled to recover, though they found the road unsafe and insufficient, — proceeded to tell the jury that, probably, though they found the road insufficient, they would have no doubt, from the evidence, that the slipping of the nigh horse must have conspired with the insufficiency of the road in causing the injury, and that it was a question of fact for them to find, under all the circumstances of the case, whether the plaintiff was wanting in ordinary care and prudence in placing himself in that situation, so as to have this, as a means, conspire with the insufficiency of the road in producing the injury to him ; that if he was, he could in no event recover of the defendant ; but, if not, and they found the road insufficient, the plaintiff was entitled to recover, notwithstanding the slipping of the horse conspired with the insufficiency of the road in producing the result.

Verdict for plaintiff. Exceptions by defendant.

*C. Linsley* for defendant.

1. The plaintiff, having, on cross examination of one of the defendant's witnesses, drawn out a fact which was calculated to affect the minds of the jury without explanation, could not prevent such explanation by the *pretence* that he would not make a wrong use of the fact thus obtained. With regard to that the witness was the plaintiff's, and was subject to cross examination by the defendant. 3 Stark. Ev. 1750. 6 Eng. C. L. 120.

2. It appears from the case that the load was heavy, the hill steep, the road small and insignificant, the horse that fell smooth shod, and the hill icy and slippery, and yet the jury were told, that, though the slipping of the horse conspired to produce the injury, the town may be liable. This is wholly unlike the case of *Hunt et ux* v. *Pownal*, 9 Vt. 411. Accidents are occurrences that could not be foreseen ; but the sliding of a smooth shod horse down a steep and icy hill, when pressed by a heavy load, is no accident. *Lester* v. *Pittsford*, 7 Vt. 158. *Noyes* v. *Morristown*, 1 Vt. 353.

3. It is insisted that a traveller is bound to have his horses prepared to hold the load they are required to draw ; and that to require every little mountain pathway to be fenced in by substantial muniments would be unreasonable, and therefore cannot be law ; and

that this case required definite instructions to the jury upon this subject.

*E. N. Briggs* for plaintiff.

1. The testimony of Chapin, in reference to the point alluded to, was laid out of the case, and could have no influence in the decision.

2. The instructions to the jury are fully sustained by the case of *Hunt et ux.* v. *Pownal,* 9 Vt. 411.

The opinion of the court was delivered by

WILLIAMS, Ch. J. We see no objections to the charge of the court. The law was given to the jury, as it has been established in this state by a series of decisions. The only question in the case is, whether the defendant should have been permitted to make the proposed inquiry of the witness Chapin.

It is true that illegal evidence should not be permitted to go to the jury, if objected to; and if it is given in the presence of the jury, when objected to, it is error, which is not helped by the court's directing them to disregard it. 13 Johns. 350. 15 Johns. 239. If immaterial or irrelevant testimony is inadvertently given, or if a witness is discovered to be interested after he has testified, the usual course in England is to move to have the testimony struck from the judge's minutes, and the jury are instructed to disregard it. It would be extremely inconvenient, if it should be always ground for setting aside a verdict, that improper testimony has been introduced accidentally. Witnesses frequently through ignorance, and sometimes through design, make a remark, before the counsel introducing them have an opportunity to check them, or the opposing counsel to object; and sometimes counsel may misjudge as to what is a proper inquiry, and thus improper evidence may be before the jury, and have a tendency to create a bias; but if the court give proper instructions to the jury, it cannot be a legitimate ground for reversing a judgment, or setting aside a verdict. *Brown* v. *Cowell,* 12 Johns. 384.

/ The counsel for the plaintiff had a right to cross examine the witness, Chapin, as to his team running off the road, with a view to show the insufficiency of the road, or to test the accuracy of the

30

witness, and, in that case, on re-examination it would have been proper for the opposing counsel to make the inquiry proposed by way of explanation. But if that event was only referred to for the purpose of bringing the recollection of the witness to the situation of the road at that time, the explanation ought not to have been received, as it would tend to make an issue entirely foreign to the cause then on trial. The court, who tried the case, could see whether the question asked of the witness by the plaintiff's counsel, and his reply, required this explanation; they could also determine that it should be wholly laid out of the case; they must have a discretion in the case, whether to treat it one way, or the other. On the disclaimer made by the counsel for the plaintiff, and the remarks made by the court, it cannot be conceived that it had any effect on the minds of the jury prejudicial to the defendants. We cannot say, therefore, that the court erred in refusing to permit the counsel for the defendant to inquire into the particular circumstances of the witness' running off the road the day before.

The judgment of the county court is therefore affirmed.