ALEXANDER H. NONES *v.* LOUIS NORTHOUSE.

*Evidence. Damages. Practice.*

In an action to recover damages occasioned by the defendant's driving his carriage against the plaintiff's carriage, whereby the plaintiff and his wife were thrown out and injured, the plaintiff introduced the deposition of a witness who testified that he saw the collision, and that the defendant was driving a fast gait at the time. *Held*, that that part of the deposition wherein the witness stated that he saw the defendant driving up and down the road on which the accident occurred, before the accident, at a very fast gait, and that he was driving at the time of the accident at the same gait, was inadmissible.

The loss of time, in actions for personal injuries, is a proper element of damages.

The rule is well settled, that the supreme court will not reverse a judgment for error that is rendered immaterial by the verdict.

TRESPASS in two counts, with counts in case for the same cause of action. The first count was for running a carriage against the plaintiff's carriage, whereby the plaintiff was thrown out and injured, and his carriage damaged; and the second count was for injury thereby caused to the plaintiff's wife, whereby he lost her society, &c. Plea, the general issue, and trial by jury, December term, 1873, WHEELER, J., presiding.

The plaintiff's evidence tended to show, that while he and his wife were driving down one of the newly opened boulevards of

New York city, on the 18th of February, 1872, on the extreme right of the traveled way, which at that point was of sufficient width for several carriages to drive abreast, the defendant, driving in the same direction, overtook the plaintiff and drove violently against his near forward wheel with the off forward wheel of the defendant's carriage, crushing the plaintiff's wheel, and overturning his carriage.

The defendant's evidence tended to show, that he was slowly and quietly driving down the avenue behind the plaintiff, when the latter suddenly slacked up, and the hub of the defendant's off forward wheel came in contact with the tire of the plaintiff's near hind wheel, causing no injury whatever, and that the overturn, and injury to the spokes of the plaintiff's wheel, were caused by the turning of the plaintiff's horse to the right, and the cramping under of his forward wheel.

To sustain his view of the case, the plaintiff presented his own deposition, which was read, and tended to prove his case as above stated. On examination in chief, the plaintiff testified in his deposition, that he was injured in his person, and totally unfitted for business for a week or more, and could not use his right hand to write during that time ; that he was an attorney at law and notary public, doing business in the city of New York. He also testified fully as to the extent of the injuries to his person, and as to the damages he sustained by the injury to the horse, carriage and harness, and the injury to his wife. On cross-examination, he testified that his horse did not stop at the time he was overthrown, but turned round, and went some little distance from where he was first thrown out, up the street he had been going down, he holding the reins all the time ; that the horse thus went some five or six feet before it was stopped ; that the plaintiff was dragged part of the way, and was up part of the way ; that he and his wife were thrown out opposite the front part of the carriage ; that his horse then crossed the street to the left ; that after he was thrown out, until the horse was stopped, he was holding on to the reins, to stop the horse ; that he was sitting on the right of his wife at the time of the accident ; that some one he did not know, stopped the horse ; that at the time of the accident, his horse was headed

directly down the street, and he was driving as near the right-hand curb as possible ; that the horse was stopped on the left-hand side of the street going down, some five or six feet from where the accident occurred.

The plaintiff also introduced the deposition of one Henry Kern, taken with notice and upon appearance, who testified that he was a livery stable keeper in said city, and, at the time of the accident, was driving next behind the defendant, and his testimony corroborated that of the plaintiff. The plaintiff introduced no other evidence as to the circumstances of the collision.

In the deposition of said Kern, occurred the following questions and answers, to which the defendant objected :

Q. " Did you see the defendant driving up the road before the accident ?

A. " I saw him, the defendant, as near as I can recollect, driving up the road [at a very fast gait, passing me and several others.]

Q. " [Did you see the defendant coming down the road, if so, state at what gait he was driving, if you recollect ?

A. " I saw him coming down at a very fast gait.]

Q. " Did you see the defendant's carriage strike the carriage of the plaintiff ?

A. " I did.

Q. " At what gait was the defendant driving at the time he struck the plaintiff's carriage ?

A. " At a fast gait, [at the same gait he went up and down."]

The court excluded those portions of the deposition included in brackets ; to which the plaintiff excepted.

The defendant testified in court that he lived in Bennington ; that he was driving on the avenue on the occasion referred to, at a speed not exceeding five miles an hour, and came gently in contact with the plaintiff's carriage as before stated, and introduced no other evidence.

The plaintiff offered in evidence the deposition of one David McAdam, wherein the witness testified that he was acquainted with the plaintiff, and knew the nature and extent of his business as attorney and notary public, and stated the same fully and at large, and his estimate of the value thereof, and that it required the personal attention of the plaintiff, and could not be performed

BENNINGTON COUNTY,

by any one unable to write, as it required a great deal of writing to perform it; to which the defendant objected, and it was excluded by the court, and the plaintiff excepted.

*W. S. Southworth* and *H. H. Harmon*, for the plaintiff.

The portions of the deposition of Henry Kern which were excluded, are admissible as being nearly enough connected with the main incident, so that they directly tended to prove the issue. Whenever there is anything which probably or presumptively remains in the same condition from period to period, evidence of its condition at one time, is admissible to show its condition at another and subsequent time. And the length of time back, through which a witness may go, is a relative matter, to be judged of by the court. Thus, where there was a mill-wheel that had been substantially unchanged, evidence of the effect of its action eleven years before, was admitted in *House* v. *Metcalf*, 27 Conn. 631. When the question is about the state of a person's mind at a given time, evidence of its condition at times even long previous, is admitted. *Robinson* v. *Hutchinson et ux.* 26 Vt. 47. When the question is as to the condition of a highway at a time certain, evidence of its condition on other days near to that time, is admitted. This principle applies to space as well as time. Thus, evidence of the condition of the highway at another point so near as to be presumptively the same, is admitted. *Bailey* v. *Town of Trumbull*, 31 Conn. 581. The question of relevancy is, then, one of presumptive sameness or likeness; and it is contended that, if evidence going back for years may be admitted when there is a strong presumption, amounting nearly to certainty, in the case at bar it does tend to show that the defendant collided injuriously with the plaintiff, if it be proved that on the same avenue, during the same afternoon, the defendant was driving rapidly among the crowded vehicles. Upon this point generally, see *Kent* v. *Lincoln*, 32 Vt. 591; *State* v. *Barron*, 37 Vt. 57; *Hardy et als.* v. *Cheney*, 42 Vt. 422; *Cleaveland* v. *Grand Trunk R. R.* 42 Vt. 456; *Streeter* v. *Evans et al.* 44 Vt. 27.

It is laid down that when the testimony of two witnesses about a point, is in conflict, evidence of extrinsic circumstances which

may tend to prove one more likely to be correct than the other, is admissible. *Kidder* v. *Smith*, 34 Vt. 294; *Henry* v. *Huntley*, 37 Vt. 316; *Hine* v. *Pomeroy et al.* 39 Vt. 211.

But this testimony was not alone admissible upon the ground of its intrinsic relevancy. The excluded part was the witness's mode of narrating a most material and important incident. He refers to the defendant's speed while driving up and down the avenue, by way of explaining at what speed he struck the plaintiff's carriage. *Hill* v. *North*, 34 Vt. 604; *Walker et ux.* v. *Westfield*, 39 Vt. 246.

As to the admissibility of McAdam's deposition. This does not come within the rule frequently laid down, that when testimony is improperly admitted which could not have affected the verdict, the judgment will not be reversed. This is not a case where the issues in question were *divisible* and *distinct*, and the jury have found a verdict on one, as in *Hodge* v. *Bennington*, 43 Vt. 450. There was no special verdict in the case at bar, and no finding that the evidence became immaterial, as in *Fullam* v. *Goddard*, 42 Vt. 162. That the deposition was admissible; that in an action for personal injury, alleging a loss of time in one's ordinary business, evidence of the business of the plaintiff and of the value of his time is admissible, to enable the jury to render proper damages, see *Hanover R. R. Co.* v. *Coyle*, 55 Penn. St. 396; *Hyatt* v. *Adams*, 16 Mich. 180; *McIntyre* v. *N. Y. Central R. R. Co.* 37 N. Y. 287; *Lincoln* v. *Sara. & Sch'dy R. R. Co.* 23 Wend. 424; *Wade* v. *Leroy et al.* 20 How. 34; *Nebraska City* v. *Campbell*, 2 Black, 590; *Ballou* v. *Farnham*, 11 Allen, 73; *Flint* v. *Norwich & N. Y. Transportation Co.* 34 Conn. 554; *Collins et ux.* v. *City of Council Bluffs*, 32 Iowa, 324; Redf. Carriers, §§ 432, 440.

*A. B. Gardner* and *T. Sibley*, for the defendant.

The county court was right in excluding that part of the witness Kern's testimony which the case shows was excluded. It was immaterial and irrelevant. That part of the testimony showing how the defendant was driving at the time of the collision, was received and permitted to go to the jury.

It was wholly immaterial at what gait the defendant was driving some time before the collision—it may have been some hours before—as there was nothing in the interrogatory limiting the witness as to time. It was in any event immaterial, and properly excluded.

The deposition of McAdam was properly excluded. It relates wholly to the question of damages; but not to the damages to the plaintiff's person or property, or to the damages to his wife,—but as to the loss the plaintiff sustained in his business. It was a mere expression of opinion as to the value of the plaintiff's business during the time of his pretended confinement after the accident. Such damages are in their nature remote, uncertain, and speculative, and evidence in regard to them should not be permitted to go to the jury. Sedgw. Dam. (2d ed.) 65, 82, 94, 95. The plaintiff testified fully as to the nature and character of his business as an attorney, notary, &c., and as to the injury and damage to his person, his wife, horse, carriage, and property.

The jury having found that the accident occurred without any fault on the part of the defendant, the exclusion of the deposition of McAdam could not in any way have injured the plaintiff. *Allen* v. *Hancock,* 16 Vt. 230; *Hodge* v. *Bennington,* 43 Vt. 450.

The opinion of the court was delivered by

REDFIELD, J. I. Certain answers to specific questions in the deposition of Henry Kern, were excluded by the court; and, we think, in that, there was no error. The witness professed to have seen the collision and injury. The rate of speed and violence of the collision, he describes. The court suppressed the statement that witness " saw defendant driving up the road at a very fast gait." And that he " saw defendant coming down at a fast gait," And at the time of the collision defendant was driving at about the same rate of speed as he had seen him drive on these other occasions.

Had the witness described the collision, and, to measure the violence, stated the rate of speed defendant was driving for some

distance, and up to the collision, it would have been a part of the transaction, and proper. But, in this case, the fact that defendant had done wrong at other times, is not evidence that he did so at this time. 2d. The statement that defendant drove fast at other times, and was driving in the *same manner* at this time, adds nothing to the statement that defendant was driving fast *at this time*. It is simply getting into the case the inadmissible evidence that defendant was driving improperly on an occasion not in issue on this trial.

II. The deposition of David McAdam described the business of the plaintiff, and the value of his time as an attorney and notary, which was excluded by the court.

The loss of time, in actions for personal injuries, is a proper element in computing actual damages; and it would seem to me, that whether the plaintiff was a confirmed cripple, and his time unavailing to his support, or a man of vigor, and competent to earn large wages, and doing so at the time of the injury, would be a proper subject of proof on the trial of such a case. *Lincoln* v. *Saratoga & Sch'y. R. R. Co.* 23 Wend. 424 ; 2 Redf. Railw. 286.

But in this case the verdict was for the defendant, and that the mischief came upon the plaintiff without fault of the defendant. Whatever then may be the extent of the plaintiff's injuries, or however valuable his time, it is immaterial, so far as this case is concerned. And the rule is well setled in this court, that a judgment will not be reversed for an error that, by the verdict, is rendered immaterial. *Allen* v. *Hancock*, 16 Vt. 230 ; *Hodge* v. *Bennington*, 43 Vt. 450.

The judgment of the county court is affirmed.