R. P. HALL v. R. J. JONES, H. J. DEAN, AND MERRILL BINGHAM.*

*Fraud. Effect of Illegal Evidence Though Charged out of the Case.*

1. In an action against several parties for fraud in the sale of an interest in two mines, what one of them said, some months after the sale, as to the dishonest character of the transaction, is *narrative*, and not *evidence*, against those who were no present.
2. The plaintiff having purchased of the defendants one twentieth of two mines, and the question being whether the sale was fraudulent, what one of them *said to a third party* who had bought a like interest in the same mines, at a different time, was not evidence against the others, not being present.
3. The error of admitting illegal evidence is not cured by charging it out of the case.

TRESPASS on the case for fraud in selling by the defendants and one Munson an undivided interest of one-twentieth in two certain mines in Nevada. Said Munson was joined as defendant; but there was a *non est* return of the writ as to him, and there was no appearance by him in the action.

Plea, general issue. Trial by jury, December Term, 1876, PIERPOINT, Ch. J., presiding; and verdict for the plaintiff. The sale was in October, 1867. The following in the deposition of one Comins was admitted against the objection of the defendants:

" When he (Munson) came back, I think in 1868, he knew the condition of the mine, knew that it had been ' jumped ' and talked about bringing suit to recover it. He had written that he had sold the mine for 30,000 dollars. I asked him if that was so. He would not tell me.

" He said that he had sold it, that he had to do a good deal of engineering to sell it ; that they had a good many meetings and he had a story committed to memory so they could not trap him, and he was on his guard at all the meetings to tell the same story. At some of the meetings they had different parties in. He said he was careful that they should not catch him telling different stories. He said he used to attend their prayer meetings and sing, and be as good a Christian as any of them."

In the course of the trial, and after the plaintiff and one other had testified, the plaintiff called as a witness one Douglas, who,

*Heard January Term, 1881.

about the first of September, 1867, purchased an interest in these mines like that purchased by the plaintiff as aforesaid, and he was allowed against defendant's objection to testify, among other things, to what Munson and Rockwell said to him at and before the time of his purchase from them (but in the absence of the defendants), in respect to the title, location, quality and value of the mines in question, as an inducement for him to make the purchase.

The exceptions stated:

" The court instructed and cautioned the jury to bear in mind that the plaintiff's case rested entirely upon the representations that were made to him at the time he made the purchase, or in the negotiations that led to it, and he could not add to them by showing representations made to other parties upon their purchase of like interests, since the plaintiff was not influenced in making his trade by any representations made to Douglas and others ; and the jury must bear in mind not to mix up what was said to one man with what was said to another ; and that the representations made to Douglas by Munson and Rockwell, as testified to by him, had nothing to do with the case and the plaintiff could not stand upon them."

The other facts are stated in the opinion.

*E. R. Hard*, for the defendants.

The testimony of Comins was not admissible. *State* v. *Thibeau*, 30 Vt. 100 ; 1 Greenl. Ev. ss. 113, 114. The transaction with Douglas had no legal connection with that with Hall, but was wholly separate and distinct from it, in respect to time as well as identity. And the attempt of the court to *charge* this part of Douglas' testimony out of the case, does not cure the error of admitting it. *Allen* v. *Hancock*, 16 Vt. 230, 233 ; *C. & P. R. R. R. Co.* v. *Baxter*, 32 Vt. 805, 815 ; *Sterling* v. *Sterling*, 41 Vt. 80, 91 ; *Hodge* v. *Bennington*, 43 Vt. 458 ; *State* v. *Hopkins*, 50 Vt. 316, 330.

*A. P. Tupper*, *T. M. McLeod* and *D. Roberts*, for the plaintiff, cited as to the admissibility of the evidence, *Beal* v. *Thacher*, 3 Esp. 194 ; *Gardner* v. *Preston*, 2 Day, 205 ; *Snell* v. *Moses*, 1 Johns. 96, 103 ; *Hooker* v. *Mather*, 7 Cow. 301 ; *Lovell* v. *Briggs*, 2 N. H. 218, 222 ; *Benham* v. *Cary*, 11 Wend. 83 ; *McKenny* v. *Dingley*, 4 Me. 172 ; *Pierce* v. *Hoffman*, 24 Vt. 525 ; *Eastman* v. *Premo*, 49 Vt. 355 ; 1 Greenl. Ev. s. 53.

The opinion of the court was delivered by

REDFIELD, J.   This is an action on the case for deception and fraud in selling shares in certain mines in Nevada.

The trial of the case seems in the main to have been considerate and fair ; but we think there must be awarded a new trial for certain errors in the admission of testimony.   Comins was allowed to testify as to what Munson told him about the transaction several months after the sale to Hall.   So that what he narrated at that time was merely *narrative* in its character, and not legal evidence.  *State* v. *Thibeau*, 30 Vt. 100 ;  Greenl. Ev. ss. 113, 114.

II.   The testimony of Douglas as to what Munson told him is obnoxious to the same objection ;  and the further objection, that the transaction with Douglas was quite a distinct matter from that with Hall, and at a different time.   And the attempt to *charge* this testimony out of the case did not cure the error.   *Sterling* v. *Sterling*, 41 Vt. 80 ;  *Hodge* v. *Bennington*, 43 Vt. 458 ;  *State* v. *Hopkins*, 50 Vt. 316 ;  *State* v. *Meader*, 54 Vt. 128.   The latter case is criticised as going too far in a dissenting opinion by ROYCE, Ch. J., but the general rule is admitted.   In this case it was suggested that other testimony would make *this* evidence admissible ; but it is difficult to see how testimony foreign to the issue on trial can be made *evidence* by any additional testimony.   So in *State* v. *Meader*, the court admitted evidence, under objection and exception, that a certain person mixed paint like the fresh paint with which the stolen sled was disguised on Sunday, and but a short time before the sled was found disguised with fresh paint.   This was obviously *not evidence ;* but counsel averred earnestly that the painter was employed by the respondent to prepare and mix *this* paint on the Sabbath, which, if true, convicted the respondent of perjury.   What others had done with paint or with the sled had no bearing on the issue, and in no sense affected the guilt or innocence of the respondent.   The Supreme Court thought the admission of the evidence was error.

The fact that respondent committed perjury in denying that he painted the sled to cover his larceny was not a complicated fact made up of several facts, which might require several witnesses

and several pieces of evidence to establish the *fact;* nor was it questioned that the sled had been freshly painted, and the simple question was, did the respondent do it ? There was then no *necessity* of proving what somebody had done, with a strong asseveration by the attorney for the State, that he would bring home the damaging fact to the respondent; and when he fails to do so then inform the court and jury that by some providential accident or by some suspected agency of the respondent the important evidence is not accessible. All this has a tendency to impress a jury, and, especially in a criminal case, may turn the scale against the accused. And where there is no *necessity* of adducing evidence of that character, and it may have worked mischief, there is no *propriety* in receiving it. And the better and safer way is to keep all illegal testimony out of a case where there is no *necessity* and no legal or moral fitness in its being in the case; and not the least benefit of such a rule is that a court thus avoids the vigorous declamation of counsel before a jury of what he will be *able* to prove.

Judgment is reversed and cause remanded.