## STATE v. GEORGE WADE.

*Charge of Court. Intoxicating liquor. Original packages. Presumption of innocence.*

1. The trial court is bound to comply with a request to charge only so far as it is applicable to the evidence in the case on trial.

2. There being no evidence tending to show that the respondent brought the liquors in question from a foreign country or a sister state, the court properly refused to tell the jury what the law might have been in that event.

3. It is a violation of law to sell or keep for sale liquors imported from foreign countries, unless contained in the original packages; and the court will take notice whether, under the laws of the United States, they could have been lawfully imported in the packages in which they were found.

4. A room where liquor is unlawfully kept is none the less a common nuisance because other liquor may be lawfully kept there.

5. A charge that the respondent was presumed to be innocent of the complaint against him, and that the burden was cast upon the State to prove beyond a reasonable doubt that the liquors kept by the respondent were kept for the purpose of unlawful sale, sufficiently answers a request that the legislature cannot compel a respondent to prove his occupation a lawful one, and that the keeping of the liquor was to be presumed lawful until the contrary was shown.

Complaint for keeping a common nuisance in violation of the prohibitory liquor law. Trial by jury at the September term, Washington county, 1888, Tyler, J., presiding. Verdict, guilty. The defendant excepts.

The exceptions were as follows:

"On the trial the prosecution did not offer any evidence tending to show any sales made by the respondent; but introduced evidence that the sheriff and his assistants searched the place named in the complaint and there found a bottle of whiskey in the hands of the respondent, who was just coming out of the cellar; that he had in his other hand a two gallon jug nearly

State *v.* Wade.

filled with whiskey; that upon searching the premises further they found thirty-six bottles of lager beer, a small quantity of cherry rum in a gallon jug, and a small quantity of gin in a bottle secreted under the floor, near the passage way to the cellar, and that in one of the rooms there was a short counter or bar, and a few tumblers and a refrigerator. The counsel for the respondent requested in writing the court to charge the jury as follows:

"1. That any person has a right to keep intoxicating liquor for all purposes except for sale, gift or distribution contrary to law.

2. That the respondent has a right to use it for himself and family and for his employees unless such employees are habitual drunkards.

3. That the laws of this State prohibit the manufacture of intoxicating liquors, and that in case any such liquors are found within this State the presumption is that such intoxicating liquors have either been imported from foreign countries or from some of the other states of this Union.

4. That it is not unlawful to import such liquors from foreign countries and keep the same.

5. That it is not unlawful to cause intoxicating liquors, the manufacture of other states, to be brought into this State and here kept.

6. That any person has a right to bring intoxicating liquors which are the manufactured products of other states into this State and keep the same, either for his own use, or for the purpose of furnishing the same to the towns of this State, which the law requires should keep the same for sale at an agency.

7. That if the jury find that the defendant kept the liquors found for the purpose mentioned in the last preceding request, that he is entitled to an acquittal.

8. That the laws of the United States authorize the importation of intoxicating liquors, the manufacture of foreign countries, and that the right to import such liquors implies the right to sell the same.

9. That the laws of the United States are paramount to the laws of this State, and if there is any conflict the laws of the United States must be obeyed.

10. That if the jury find any portion of these liquors were of foreign manufacture which were kept by him, that he cannot be found guilty even though he did keep the same for sale.

11. That the burden of proof is on the State to show that the liquor which the defendant kept or sold is not of foreign manufacture and imported in accordance with the laws of the United States.

12. That the legislature of this State cannot make a valid law so as to cast the burden of proof on the defendant to show that he is engaged in a lawful business.

13. That the State must show affirmatively that the defendant did not keep or use such liquors for any of the lawful purposes for which they might be kept or used.

14. That the presumption is that the defendant kept such liquors for a lawful purpose until the contrary is shown by evidence."

The court charged the jury as requested in the first, second and fifth request, and declined to charge the jury as requested in the third, eighth, ninth, tenth, eleventh, twelfth, thirteenth and fourteenth requests. As to the fourth request the court charged as requested except that the liquors must be kept for respondent's own use, and also charged as requested in the sixth and seventh requests except that the liquors must be kept for the respondent's own use.

While the court declined to charge the jury in the language of the thirteenth and fourteenth requests, it did charge in another connection, that the respondent was to be presumed innocent of the offence laid in the complaint until this presumption of innocence was overcome, if overcome at all, by evidence that the State produced against him; that the burden was cast upon the State to prove beyond any reasonable doubt that said liquors were kept by the respondent for the purpose of unlawful sale.

On cross examination of the witnesses introduced by the State, such witnesses all testified that they did not know of any place in this State where liquors of the kind found as before stated were manufactured within the State.

*S. C. Shurtleff,* for the respondent.

It was lawful for the respondent to import from a foreign country or bring from a sister state into Vermont and sell or

State v. Wade.

keep for sale liquor in the original package, and that right should have been recognized in the charge. *Thurlow* v. *Massachusetts*, 5 How. 504; *Brown* v. *Maryland*, 12 Wheat. 419.

*E. W. Bisbee*, State's Attorney, for the State.

There was no evidence to show that this liquor ever had a legal existence anywhere.

*State* v. *Smith*, 55 Vt. 83.

The opinion of the court was delivered by

TAFT, J. This was a complaint for keeping as a common nuisance, a room where intoxicating liquors were unlawfully sold, furnished, or given away, or kept for such purpose. The only error of which the respondent complains was the refusal of the court to comply with his requests for instructions to the jury. They were fourteen in number. The first, second, and fifth were complied with, and the eighth was waived. In a jury trial it is the duty of the court to instruct the jury as to the rules of law applicable to the facts which the testimony in the case tends to establish, and the court should refuse all instructions asked for upon questions not made by the evidence. It does not appear that there was any evidence in the case tending to show that the respondent brought the liquors, found in his premises, from a foreign country or from any of our sister states, and there was no question upon trial as to any conflict between the laws of the United States and of this State. For these reasons, requests numbered four, six, seven, nine and eleven were properly ignored. The third and tenth requests were that the jury should be told that the presumption was that the liquors were brought from a foreign country or another state, and that if they were of foreign make the defendant could not be found guilty, though he did keep them for sale. Upon the evidence in the case, whether the liquors were of foreign or domestic manufac-

ture was immaterial, for the respondent could violate the law by selling foreign liquors, as well as by selling those made in this State. In only one instance can the question of its being a foreign commodity be material, and that is in a respect which has always been recognized by our laws prohibiting the sale of liquor. Our present law, section 3819 R. L. relating to the seizure of liquors intended for unlawful sale, contains the provision originally enacted as Sec. 12, No. 24, Acts of 1852, exempting from condemnation liquor which is of foreign production and has been imported under the laws of the United States and in accordance therewith and is contained in the original packages in which it was imported, in quantities not less than the laws of the United States prescribe. The same principle was recognized and applied in *Jones* v. *Hard*, 32 Vt. 481. It is plain from the exceptions that it was entitled to no protection as an import into the United States. In the vessels and quantities stated in the exceptions, it could not lawfully be imported, for if in bottles they should be packed in packages containing not less than one dozen bottles in each package, and if in bulk, then in casks of not less than fourteen gallons in capacity. Rev. St. U. S. Sched. D. § 2504. But even if the liquors had been at sometime lawfully imported, it could not reasonably have been claimed that they were entitled to protection against the police power of the State, for it had been by the acts of its owner deprived of its character as an import, and become commingled with the common property of the country. Aside then from its character as an import, and as an article for the respondent's own use, the right to which for that purpose was fully protected by the charge of the court, it is clear that the liquors never had any legal existence, and might aptly be described in the words of the learned Redfield, J., in *State* v. *Smith*, 55 Vt. 82, as an article that " has no rights that the law is bound to respect. It is a public enemy that when discovered the law smites." Upon the evidence therefore the third and tenth requests were rightly refused.

State *v.* Wade.

There is another reason why the tenth request should not have been complied with. The request was that if *any portion* of the liquors were of foreign make the respondent could not be found guilty even though he did keep the same for sale; *i. e.* if the small quantity of gin in a bottle, was made in Holland, that protected his whole establishment, although he was unlawfully selling beer, rum and whiskey. We need spend no time with such an absurd proposition ; it is not law.

The twelfth request " that the legislature of this State cannot make any valid law so as to cast the burden of proof on the defendant to show that he is engaged in a lawful business," we have no occasion to examine. We are not aware of any such law, and no burden of that kind was placed on the respondent by the charge of the court. As to this, as well as the two remaining requests, we think them all covered by the instructions " that the respondent was presumed innocent of the offences charged, until the presumption was overcome by evidence that the State produced against him. That the burden was cast upon the State to prove beyond any reasonable doubt that the liquors kept by the respondent, were kept for the purpose of unlawful sale." We think this was equivalent to saying that if the respondent kept the liquors for any lawful purpose, they should find him not guilty, that to convict him, they should be satisfied beyond any reasonble doubt that he kept them for unlawful sale.

*Upon inspection of the record the court are of the opinion that judgment ought to be rendered upon the verdict, and it is so rendered, sentence imposed, and execution ordered.*

Royce, J., being ill, did not sit.