STATE *v*. FRANK E. BEMIS.

January Term, 1917.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, and TAYLOR, JJ.

Opinion filed January 19, 1917.

*Bill of Exceptions—Statement of Evidence—Abstract Propositions.*

Where a bill of exceptions contains no reference to the transcript and no statement of the evidence or of its tendency, propositions embodied in requests for instructions, to the refusal to comply with which exceptions have been taken, are purely abstract and will not be considered in Supreme Court.

INFORMATION, charging that respondent not being licensed, advertised and held himself out to the public as a physician or surgeon, in violation of P. S. 5370, as amended by Sec. 4, No. 188, Acts of 1915. Plea, not guilty. Trial by jury in the city court of the city of St. Albans, *N. N. Post*, Judge. Verdict, not guilty. Exceptions by the State. The opinion states the case.

*Stephen S. Cushing*, State's Attorney, for the State.

*M. H. Alexander* and *Morris & Hartwell* for the respondent.

HASELTON, J.   This is a prosecution for a violation of Sec. 5370 of the Public Statutes, as amended by the Acts of 1915, No. 188, § 4. The section provides a penalty for various acts relating to the practice of either medicine or surgery, and, among other things, provides that a person who, not being licensed, advertises or holds himself out to the public as a physician or surgeon shall be subject to fine or imprisonment or both. This provision of the section the respondent is charged with violating.

The complaint was brought before the city court of the city of St. Albans, trial by jury was had, the respondent was found not guilty and was discharged by the court. The State brings a bill of exceptions by virtue of No. 96 of the Acts of

1912, which permits such a course to be taken in the .discretion of the trial court.

The State made four requests for instructions to the jury as to what acts, doings and professions on the part of the respondent would constitute a holding of himself out to the public as a physician, and excepted to the failure of the court to comply with these requests. No transcript of the evidence is referred to, none of it is set out in the bill of exceptions, and there is no statement as to what the tendency of the evidence was in any respect. We are left in entire ignorance as to the nature of the evidence, and it is only by inference from the fact that there was a trial that we can gather that there was any evidence.

· In such circumstances the propositions embodied in the requests of the State are purely abstract, and such propositions this Court as a court for the correction of errors will not consider. *Mack* v. *Snider,* 1 Aikens 104; *Wetherby* v. *Foster,* 5 Vt. 136, 140; *Winn* v. *Rutland,* 52 Vt. 481, 491; *Weeks* v. *Lyndon,* 54 Vt. 638, 647; *State* v. *Wade,* 63 Vt. 80, 83, 22 Atl. 12; *Houston* v. *Brush,* 66 Vt. 331, 349, 29 Atl. 380; *Needham* v. *Boston & Maine Railroad,* 82 Vt. 518, 524, 74 Atl. 226; *Lang* v. *Clark,* 85 Vt. 222, 232, 81 Atl. 625.

The State also took an exception to a passage in the charge of the court in which it gave lexical definitions of a physician and of a surgeon. But as the case is submitted the question presented to us by this exception is like the other questions, purely academic and requires no separate treatment.

So far as the case shows there was no evidence that the respondent had "held himself out as a physician or surgeon," under any definition of that phrase or of any words or expressions therein contained.

*Judgment that there is no error in the proceedings, and that the State take nothing by its exceptions.*