ROBERT ROY SYKES *v.* WILLIAM BARTLETT.

November Term, 1918.

Present: WATSON, C. J., HASELTON, POWERS, TAYLOR, and MILES, JJ.

Opinion filed January 13, 1919.

*Exclusion of Evidence—Harmless Error—Instructions to Jury.*

The exclusion of evidence which had no bearing on any question in the case other than that of punitive damages, was harmless where the verdict was for the defendant on the main issue.

An exception to the court's failure to charge on a certain matter will not be considered when the charge is not before the Supreme Court, and the bill of exceptions does not state whether there was or was not such failure to charge, nor that any exception was taken because of such failure.

ACTION OF TORT for criminal conversation with plaintiff's wife. Plea, not guilty. Trial by jury at the May Term, 1918, Windsor County, *Butler,* J., presiding. Verdict and judgment for the defendant. The plaintiff excepted. The opinion states the case.

*Gilbert F. Davis* and *Homer L. Skeels* for the plaintiff.

*Raymond Trainor* for the defendant.

WATSON, C. J.   The plaintiff presents but two points in his brief:   (1) That the court refused to permit him to show certain threats made against him by defendant after the acts on which this action is based; and (2) the failure of the court to charge that if the jury find the defendant was untruthful in one respect, they may discard his entire testimony.

As to the first, no claim is made that the excluded evidence had any bearing on any question in the case, other than that of punitive damages.   Yet the verdict was for the defendant on the main issue, so the exclusion worked no harm.   *Nones* v. *Northouse,* 46 Vt. 587.

As to the second, the charge of the court is not before us, and the bill of exceptions does not state whether there was or was not such a failure to charge, nor that any exception was taken because of such a failure.

*Judgment affirmed.*