STATE *v.* GEORGE McGUIRE ET AL.

October Term, 1931.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and GRAHAM, JJ.

Opinion filed November 4, 1931.

*Cebra Q. Graves* for the respondents.

*Norton Barber,* State's attorney, for the State.

THOMPSON, J.   The respondents, who were tried together, were charged with keeping with intent to sell, and selling, intoxicating liquor on various named occasions.   Respondent McGuire was convicted of possessing intoxicating liquor with the intent to sell the same on July 26, 1930, and also of selling intoxicating liquor on the same day.   Respondent McCaffrey was convicted of selling intoxicating liquor on July 19, 1930.

The information contained counts of selling and furnishing intoxicating liquor on July 30, 1930.   One F. E. Blondin, a

84

deputy sheriff, and a witness for the State, testified that on that day he purchased intoxicating liquor of respondent McCaffrey at respondent McGuire's place of business, and that he did not arrest McCaffrey at that time. Blondin did not testify to any other alleged offenses, and he knew nothing of the offenses of which the respondents were convicted. The respondents were acquitted of the offenses alleged to have been committed on July 30.

The respondents requested the court to charge that "it was the duty of deputy sheriff Blondin to have arrested McCaffrey immediately if the latter sold him a drink since the selling of intoxicating liquor is a misdemeanor under the Vermont law." The court refused to charge as requested, and the defendants took and were allowed an exception.

■ ■ If there was error in the court's refusal to charge as requested it was harmless, since the respondents were acquitted of the offense to which Blondin testified; and it is the rule that this Court will not reverse a case for an error that is rendered immaterial by the verdict. *Nones* v. *Northouse*, 46 Vt. 587, 593, *Sykes* v. *Bartlett*, 93 Vt. 70, 106 Atl. 561; *State* v. *Prouty*, 94 Vt. 359, 364, 111 Atl. 559; *State* v. *Long*, 95 Vt. 485, 495, 115 Atl. 734; *Parizo* v. *Wilson*, 101 Vt. 514, 518, 144 Atl. 856; *Jasmin* v. *Parker*, 102 Vt. 405, 414, 148 Atl. 874.

The respondents requested the court to charge "that no federal officer has any greater right to violate the law by furnishing intoxicating liquor to anyone while endeavoring to secure evidence than any citizen has"; and they have briefed the question as though it appears in the record that the court refused to charge as requested and the question is properly raised by an exception.

■ ■ The bill of exceptions does not show that an exception was taken, and it does not refer to the transcript. The respondents refer to a certified copy of the charge of the court wherein it appears that an exception was taken to the refusal of the court to charge as requested; but, as a certified copy of the charge is referred to in the bill and made controlling only "as to the wording thereof," it cannot avail the respondents. An exception noted in the transcript, to be availing, must be brought into the record by a statement thereof in the bill of exceptions, or by the bill referring to the transcript and making it controlling for that purpose. In the circumstances, it must

be held that the question is not before us. *Trask* v. *Trask's Estate*, 99 Vt. 353, 132 Atl. 136; *McAllister* v. *Benjamin*, 96 Vt. 475, 488, 121 Atl. 263; *Bianchi Granite Co.* v. *Terre Haute Monument Co.*, 91 Vt. 177, 187, 99 Atl. 875; *State* v. *Gomez*, 89 Vt. 490, 497, 96 Atl. 190.

But were the respondents entitled to the benefit of this exception the result would be the same. It does not appear from the record that there was any evidence in the case tending to show that any federal officer had furnished intoxicating liquor to any one while endeavoring to secure evidence against the respondents or either of them. For this reason, the request to charge was properly refused. *State* v. *Wade*, 63 Vt. 80, 83, 22 Atl. 12; *State* v. *Bemis*, 91 Vt. 146, 99 Atl. 632, and cases cited.

*Judgment that there is no error in the proceedings and that the respondents take nothing by their exceptions. Let execution be done.*